Mr. Justice Thacher
delivered the opinion of the court.
This is an action against the maker and indorser of a promissory note. The defendants in the circuit court rested their defence upon the statute of limitations. The plaintiffs relied upon proof of partial payments in avoidance of the statute of limitations, and as presumptive evidence of notice to the in-dorser. There was a verdict and judgment for the plaintiffs.
No actual proof of notice to the indorser, of the non-payment of the note was introduced. The evidence as to by whom the payments were made after maturity, is not conclusive, but there is enough to warrant the jury in their evident conclusions that they were made by the indorser. This proof was sufficient to authorize the inference of actual demand and notice. Tebbets v. Dowd, 23 Wend. 379; Robbins et al. v. Pinckard et al., 5 S. & M. 51. It does not present a case of waiver of demand and notice upon the part of the indorser, and therefore the instructions asked for by the defendants, based upon that supposition, were properly refused.
But upon the hypothesis, that the payments were made exclusively by the indorser, it follows, that tire statute of limitations was in full force as to the maker. There is no joint liability between the defendants, and the act of the indorser could not vary or affect the liability of the maker. Hence the instructions demanded, on behalf of the maker, that the payments by the indorser did not deprive the maker of the benefit of the statute of limitations, were improperly refused, and should have been given by the circuit court.
The judgment is reversed, and new trial awarded.